**PARKER BROTHERS, INC., Plaintiff-Appelle, v. POPULAR OIL COMPANY, a Corporation, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5087.   Decided April 21, 1955.

Hamilton & Kramer, Joseph R. Hague, of Counsel, Columbus, for plaintiff-appellee.

Schwartz & Gurevitz, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This appeal proceeds as upon questions of law from a judgment of the Municipal Court of the City of Columbus for plaintiff and against the defendant in the sum of $559.27. The cause was submitted to a judge without a jury and separate findings of fact and law requested and returned. Issues were drawn between the parties by petition, answer and cross-petition, reply and answer to the cross-petition and reply to the answer to the cross-petition.

A motion for new trial was filed and overruled. No excptions were noted to the overruling of the motion for new trial, nor to the findings of fact and law as returned and no request was made to amplify the findings.

Plaintiff's petition consisted of two causes of action, the first of which was upon a contract for the installation of two 20,000 gallon tanks and excavation of necessary pits and other things necessary to be done in regard to the same and additional work requested by C. M Hicks, General Manager of defendant corporation. The amount claimed on this cause of action was $1145.00. The second cause of action was for work and labor performed on a gas station at the request of the General Manager of defendant corporation. The amount claimed on this cause of action was $185.00. Defendant, in its answer, denies that there is $1145.00 due plaintiff on its first cause of action; avers that there was an agreement by which plaintiff was to perform the services for the sum of $800.00; that plaintiff being unable to perform certain part of the work, it was done by another and paid for in the sum of $80.00

by the defendant. Therefore, there is due plaintiff from the defendant on its first cause of action the sum of $720.00. Upon the second cause of action, it is averred that the reasonable value of the services performed was $30.00, and not $185.00.

Plaintiff claims the sum of $1145.00 on its first cause of action and $185.00 on its second cause of action, or a total of $1330.00. Defendant admits $720.00 due on the first cause of action and $30.00 due on the second cause of action, a total of $750.00. There was support for the respective contentions of the parties, except as hereinafter indicated. Thus, the findings and judgment on the issues drawn on the petition and answer could have been at any figure from $750.00 for the plaintiff to $1330.00, the total amount claimed by it.

In the cross-petition, defendant sets up an account for gas, oil and accessories furnished plaintiff, $1332.26, accounts receivable, $139.76, rent, $200.00, returned check, $124.04, overcharge on battery, $4.12. overcharge on tire, $8.36, and a sign, $22.50 as charges, a total of $1831.04, and credits plaintiff with inventory in gasoline station of $880.39, showing a balance due the defendant of $950.65, for which it prays judgment. Plaintiff, answering, admits the correctness of the charges for accounts receivable and for returned check, denies that $200.00 or anything is due for rent for overcharge on battery, overcharge on tire, or for sign, and alleges that it is entitled to a further credit of $185.00 for certain bad gasoline provided it by defendant, and for $49.94, for shortage of gasoline delivered.

Plaintiff, therefore, claims that the balance of $950.65 shown to be due it from defendant by its itemized statement should be reduced by $234.98 and that it was entitled to further credits thereon, in the sum of $234.94, a total of $469.92 which would leave a balance due defendant on its statement of $480.73; that, crediting this sum against the $1330.00 claimed by plaintiff in its petition would leave a balance of $849.27 for which plaintiff claimed judgment.

Thus, upon the issues made by the cross-petition and answer thereto, there could have been found for the defendant any sum from $950.65 as claimed by it, in its itemized account, down to $480.73, the amount conceded to be due on its account in the cross-petition. The reply is a general denial of the averments of the cross-petition.

The Court, in its findings of fact and conclusions of law, merely sets out the claim of plaintiff in its first and second causes of action and the claim of defendant in its answer and cross-petition and the reply of plaintiff to the cross-petition, and then makes this finding:

"The court acting as a jury, finds for the defendant in the amount of $290.00 for items in the cross-petition, and for the plaintiff in its reply to the cross-petition of the defendant in the amount of $849.27 "

Then this conclusion of law:

"This court concludes as a conclusion of law that the plaintiff is entitled to recover the sum of $569.27."

Thereafter, the court corrected the judgment for plaintiff to the amount of $559.27.

It is manifest that the findings of fact and conclusions of law are of no assistance to this Court. They do not conform to the requirements of such findings. There is no finding responsive to the claim of

the plaintiff in its petition and the issue made by the answer thereto, and the amount due plaintiff, nor upon the account of defendant set up in its cross-petition and the issue by the answer and reply thereto as to the amount due defendant.

But as we have indicated, no exceptions were noted to the manner in which the findings were made and no request for amplification.

Upon the foregoing state of the record, appellant assigns four assignments of error:

1. Failure to rule that there was an account stated.

2. Failing to rule that Mr. Hicks was not authorized to make or modify a contract between the principal parties.

3. Failing to rule that the contractor was fully responsible for all duties connected with the installation of tanks according to the contract between the parties.

4. In ruling that the original contract was modified so as to allow an additional charge of $100.00 against the defendant for breakage of cables of appellee's machinery.

Upon the first assignment of error, there is no issue drawn by the pleadings as to an account stated between the parties, it was not urged at the trial, although it was claimed evidentially that the account of defendant against plaintiff was conceded to be correct. There is no finding carried into the separate findings of fact and law nor in the judgment respecting an account stated. There is nothing in the record which exemplifies this assignment of error.

Upon the second assignment, there is support in the record that both contracts, written and oral, were agreed to not only by Hicks but by Jacob Mattlin, who if he did not have actual authority to bind defendant, certainly had apparent authority so to do.

The third assignment is not well made because the written contract does not bind the plaintiff to be responsible "for all duties connected with the installation of the tanks" and the terms of this contract and the respective obligations of each party were in dispute on the factual development.

Upon the fourth assignment, the same observation may be made as to the third.

In the motion for new trial it was urged that the judgment was too high but this is not specifically assigned as error on this appeal, nor is the weight of the evidence raised. Although we cannot determine just what computation was made by the trial judge in reaching the judgment entered, it is obvious that it is $270.00 less than the plaintiff claimed was due it upon a reconciliation of the respective claims of the parties. The item of $200.00 which is in the charge, as for rent, in the account of defendant against the plaintiff was denied by it. The evidence, however, contains no support for this defense. Upon every other item in the contracts upon which plaintiff sued and in the account upon which defendant relied there is evidence to support the judgment which is well within the limits of the respective amounts claimed to be due by the parties.

Appellee urges that the errors assigned in this Court were not urged

below and that the grounds upon which the motion for new trial was predicated may not be considered here because no exception was noted to the overruling of the motion. The appeal might well be disposed of upon the foregoing contentions, but we have considered the assignments of error as though they were properly before us for adjudication.

The judgment will be affirmed.

MILLER, PJ, WISEMAN, J, concur.